Filed 9/1/21  P. v. Leavy CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARNELL LEAVY,<br><br>    Defendant and Appellant. | F082261<br><br>(Super. Ct. No. DF015287B)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*] Before Detjen, Acting P.J., Snauffer, J. and DeSantos, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment after a no contest plea and, as it only concerns matters arising after the plea, is authorized by Penal Code section 1237.[1]

## STATEMENT OF THE CASE

A felony complaint charged Carnell Leavy and his co-defendant, Marcelle Gray, with assault with a deadly weapon while in custody (§ 4501, subd. (b); count 1); assault with a deadly weapon by a prisoner undergoing a life sentence (§ 4500; count 2); and unlawful possession of a sharp instrument while in prison (§ 4502, subd. (a); count 3). As to count 1, it was also alleged that Leavy personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). As to all three counts, it was further alleged that Leavy had suffered three prior convictions, arising from the same 1995 Madera County case, which qualify as strikes under sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d). Finally, it was alleged that these prior 1995 convictions qualified for a five-year enhancement under section 667, subdivision (a). Leavy was already serving a sentence of life without the possibility of parole.

On September 24, 2020, Leavy waived his constitutional rights, pled no contest to an amended count 1, which now alleged a violation of section 4501, subdivision (b), and admitted a strike allegation in exchange for an agreed upon sentence of four years. The parties stipulated to a factual basis for the plea. The court dismissed the remaining counts and allegations.

On October 22, 2020, the trial court sentenced Leavy to the agreed four-year term consisting of the low term doubled to four years. (The court dismissed two of three strike priors.) By law, this sentence is to be served fully consecutive to the sentence Leavy is

---

[1] Unlabeled statutory references are to the Penal Code.

already serving. The court imposed a $300 restitution fine; $300 parole revocation fine; $40 court security fee; and a $30 conviction assessment.

Leavy filed a timely notice of appeal purporting to challenge the validity of his sentence on the grounds that it violates the express terms of the plea bargain and is unconstitutional. The trial court refused to issue a certificate of probable cause.

## STATEMENT OF FACTS[2]

On July 31, 2019, at Kern Valley State Prison, Corrections Officer Andres Fernandez observed inmates Leavy and Gray engaged in a fist fight with inmate Loera. When ordered to stop by the guards, Leavy separated and was seen throwing an unknown object over the wall into a parking lot.

## APPELLATE COURT REVIEW

Leavy's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Leavy was advised he could file his own brief with this court. By letter on March 1, 2021, we invited Leavy to submit additional briefing.

On March 8, 2021, Leavy responded to our invitation with a response, styled "Habeas Corpus/Appeal Penal Code 1473," which this court has read and considered. The gist of appellant's lengthy response, including exhibits, was that the sentencing judge's four-year sentence was an illegal sentence and should be vacated. However, this claim is without merit, for the following reasons.

Leavy was sentenced simultaneously with his co-defendant, Gray, under amended count one, section 4501, subdivision (b). At the hearing, Gray's counsel on the record

---

[2] Taken from the transcript of the preliminary hearing held on September 24, 2020.

corrected the short form probation report, explaining that instead of a four-year term, the agreed upon sentence was in reality for the low term of two years, doubled to four years due to the strike prior. All counsel and the parties, including Leavy and his counsel, were present and did not object to the court's subsequent explanation of how the four years was calculated, nor was there any other objection noted.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.